UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DEAN HERSEY EL BEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF LUI, et al.,<br><br>        Defendants. | Case No.  23-cv-00108-AGT<br><br>**SCREENING ORDER** |

    Jeffrey El Bey's first amended complaint doesn't satisfy the *in forma pauperis* screening statute: his first amended complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A further amendment may not be futile, so the Court will give El Bey another opportunity to amend his complaint.

* * *

    El Bey attempts to plead a Fourth Amendment claim, under 42 U.S.C. § 1983, based on allegations that his car was towed and impounded for not being registered. *See* Dkt. 6 at 4. When the government impounds a car, the Fourth Amendment is implicated. The impoundment is a seizure of a person's property. *See Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). The government must establish that the impoundment is justified under an exception to the warrant requirement (e.g., under the community caretaking doctrine). *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016).

    El Bey may succeed in stating a prima facie Fourth Amendment claim, but he hasn't done so yet. His first amended complaint comes up short because it doesn't explain how the defendants participated in the towing and impounding of El Bey's car. El Bey must do more than name the defendants, which is all he has done. He must explain what each defendant did.

*See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[F]or a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation.").

The Court will allow El Bey to replead his Fourth Amendment claim to identify how each defendant participated in the acts alleged. As for El Bey's other claims, they are nonstarters and cannot be amended.

- <u>Claim for Violation of Article 1, Section 8, Clause 2 of the U.S. Constitution</u>: The Clause invoked provides that "Congress shall have Power . . . To borrow Money on the credit of the United States." The Clause has nothing to do with what is alleged here.

- <u>Claim for Violation of the Right to Travel</u>: As noted in a prior screening order, the right to interstate travel doesn't encompass "a fundamental right to drive a car," *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999), and isn't implicated here. *See* Dkt. 5 at 2.

- <u>Claim for Violation of Article IV, Section 2, Clause 3 of the U.S. Constitution</u>: The Clause invoked addresses the reciprocal relationship between U.S. states with respect to fugitive slaves. The Clause was abrogated by the Thirteenth Amendment, which abolished slavery, and has nothing to do with the government's towing and impounding of cars.

- <u>Claim for Violation of the Eighth Amendment's Cruel and Unusual Punishment Clause</u>: The Clause invoked applies to the government's treatment of "convicted prisoners." *Ledford v. Rutledge*, No. 17-CV-438-TLS, 2018 WL 4216820, at *10 (N.D. Ind. Sept. 4, 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). It is inapplicable here. El Bey doesn't allege that he is a convicted prisoner, and the state action at issue—the towing and impounding of his car—occurred outside of prison.

- <u>Claim for Violation of the Fifth Amendment's Due Process Clause</u>: "The Due Process Clause of the Fifth Amendment . . . appl[ies] only to actions of the federal government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). None of the defendants named in El Bey's complaint is a federal actor. The Fifth Amendment Due Process Clause doesn't apply.

- <u>Claim for Violation of Corpus Delicti</u>: Meaning "body of the crime" in Latin, Corpus Delicti is a phrase that "reflects the simple principle that a crime must be proved to have occurred before anyone can be convicted for having committed it." CORPUS DELICTI, Black's Law Dictionary (11th ed. 2019). The phrase has no application here. El Bey is pursuing a civil lawsuit; he isn't facing criminal prosecution.
- <u>Claim for Violation of "Indictment Papers"</u>: An indictment is issued in certain criminal proceedings. *See* Fed. R. Crim. P. 7(a)(1). There is no indictment at issue here.

\* \* \*

El Bey may replead his Fourth Amendment claim but not his other claims. And he may add new claims only if he first obtains the Court's permission.

El Bey must file his second amended complaint by May 10, 2023. If he doesn't do so, or if his second amended complaint doesn't state a viable claim, the undersigned will recommend that a district judge dismiss El Bey's case. The Clerk of the Court shall refrain from issuing summonses or serving El Bey's first amended complaint on the defendants.

**IT IS SO ORDERED.**

Dated: April 19, 2023

Alex G. Tse
United States Magistrate Judge